JS-3

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MARY M. BRIDGES, <br><br> Defendant-Appellant. | Case No. 2:18-cr-00265-ODW <br><br> **ORDER AFFIRMING CONVICTION AND SENTENCE** |

## I. INTRODUCTION

Pending before the Court is Defendant Mary M. Bridges's Appeal[1] of her conviction and sentence in a Central Violations Bureau ("CVB") proceeding. (Notice of Appeal, ECF No. 2.) After a bench trial, Magistrate Judge Louise A. LaMothe found Defendant guilty of violating 18 U.S.C. § 113(a)(5)[2] ("Simple Assault Within Maritime Jurisdiction") and ordered Defendant to pay a total of $40, $10 mandatory

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Federal Rule of Criminal Procedure 58(g)(2)(B). Rule 58(g)(2)(B) states in part: "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government."

[2] 18 U.S.C. § 113(a) states: "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both."

special assessment and $30 processing fee. (*Id.*) For the reasons that follow, Defendant's conviction and sentence are **AFFIRMED**.

## II. ISSUE ON APPEAL

The question presented is whether, in viewing the evidence in the light most favorable to the prosecution, the Government met its burden of proof that the alleged crime occurred within the special maritime and territorial jurisdiction of the United States.

## III. BACKGROUND

### A. Procedural History

A one-day bench trial took place before Magistrate Judge LaMothe on April 25, 2018, in which Defendant was convicted of Simple Assault Within Maritime Jurisdiction. (Notice of Appeal.) Defendant was sentenced to a $10 special assessment and $30 processing fee. (*Id.*) Defendant did not move for acquittal based on jurisdictional grounds. (Government's Answering Br. ("Answer") 5, 9, ECF No. 19.)

On May 9, 2018, Defendant filed a timely Notice of Appeal. (Notice of Appeal.) She filed an amended notice of appeal on May 10, 2018. (Am. Notice of Appeal, ECF No. 3.) Defendant moves for acquittal based on an alleged jurisdictional error. (Appellant's Opening Br. ("Open") 1, ECF No. 18.)

### B. Relevant Facts and Evidence

On May 29, 2017, Katie Alva visited her boyfriend, Jon M. Bridges, and his two children on Vanderberg Air Force Base ("VAFB") on Oceanview Boulevard. (Appellant's Excerpts of R. ("ER") 1, 145–46, ECF Nos. 18-1–5.) At that time, Defendant and Mr. Bridges had separated, but had not yet finalized their divorce. (ER 147.)

While Ms. Alva was at the residence, Defendant arrived at the home to drop off the children's backpacks. (ER 149.) When Defendant saw Ms. Alva in the home from the doorway, Defendant began yelling angrily at Ms. Alva and tried to enter the

home. (ER 150–51.) Mr. Bridges attempted to physically restrain Defendant while Ms. Alva walked towards the doorway to grab her phone to call the police. (ER 154–55.) Defendant then grabbed Ms. Alva, pulled out a clump of hair, and scratched Ms. Alva's scalp. (ER 156–59.)

Ultimately, Ms. Alva was able to call 911. (ER 161.) When law enforcement officers arrived at the scene, they cited Defendant for Simple Assault Within Maritime Jurisdiction. (ER 1.) The citation provides that the incident took place on "Oceanview Blvd, Vandenberg AFB, CA 93437." (ECF No. 1.)

During trial, the Government called three witnesses: Andrew Puckett, Benjamin Johnson, and Ms. Alva. (Answer 4–5.) Mr. Puckett was called as an expert witness in mapping and introduced maps of VAFB. (Answer 4.) Mr. Puckett testified that Oceanview Boulevard had originally been named Oceanview Avenue; that there was both an Oceanview Boulevard and Oceanview Avenue on VAFB; that there were no residences located on Oceanview Avenue; and that some residences were located on Oceanview Boulevard. (Answer 4; ER 109, 112.) Further, Mr. Puckett testified that all housing on VAFB was located within the cantonment area. (ER 109–111.)

Mr. Johnson was an attorney with the California State Lands Commission, which processed requests for cessions and retrocessions of legislative jurisdiction. (ER 40.) Mr. Johnson's declaration was submitted as his direct examination. (ER 123.) Mr. Johnson's declaration and his testimony on re-direct confirmed that the United States had partial legislative jurisdiction in the location where the incident occurred. (ER 136–38.)

Following Mr. Johnson's testimony, the Magistrate Judge, based on the declarations, exhibits, and testimony, took judicial notice of an adjudicative fact that the location where the offense occurred, Oceanview Boulevard on VAFB, is within the special territorial jurisdiction of the United States. (ER 143).

Ms. Alva then testified that Mr. Bridges's house was located on VAFB, and although she did not live there, she believed that the house was located on Oceanview Avenue (instead of Oceanview Boulevard). (ER 146.)

Based on Ms. Alva's testimony, Defendant now argues that the Government failed to meet its burden to prove an element of the offense, that the offense occurred within the special territorial jurisdiction of the United States. (Open 3–4.)

### IV. STANDARD OF REVIEW

The parties disagree on the standard of review. Defendant argues for de novo review, whereas the Government argues for plain error.

Federal Rule of Criminal Procedure 58 governs district court review of misdemeanor convictions.[3] Fed. R. Crim. P. 58(a)(1). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

Generally, district courts review misdemeanor convictions for sufficiency of the evidence. *See United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007). A challenge based on the sufficiency of the evidence raised for the first time on appeal is reviewed for plain error. *United States v. Sullivan*, 797 F.3d 623, 632 n.5 (9th Cir. 2015). However, "no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence." *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993). This is because "a plea of not guilty in a bench trial is tantamount to a motion for acquittal." *Id.* As such, a challenge to the sufficiency of the evidence in a bench trial is reviewed de novo. *United States v. JDT*, 762 F.3d 984, 1000 (9th Cir. 2014). Under this standard, "a conviction must be affirmed if 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

---

[3] Federal Rule of Criminal Procedure Rule 58(g)(1) states: "the Federal Rules of Appellate Procedure govern an appeal from a district judge's order or a judgment of conviction or sentence."

reasonable doubt.'" *Id.* (quoting *Untied States v. Maggi*, 598 F.3d 1073, 1080 (9th Cir. 2010)).

## V. DISCUSSION

To meet its burden, the Government had to prove beyond a reasonable doubt that: (1) Defendant committed a simple assault; (2) within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 113(a)(5). The only issue on appeal is whether the Government proved beyond a reasonable doubt that the incident occurred within the special maritime and territorial jurisdiction of the United States.

Having engaged in a de novo review, the Court finds that the Government met its burden of proof and affirms the Magistrate Judge's conviction and sentence.

Defendant's citation noted that she was charged with "Assault within Maritime Jurisdiction" in violation of 15 U.S.C. § 113(a)(5). (ER 1.) The citation further noted that the offense occurred on "Oceanview Blvd Vandenberg AFB, CA 93437." (ER 1.) At trial, Mr. Puckett was admitted as a geographic spatial technician/cartographic specialist (also known as mapping) and found qualified as an expert in that field. (ER 99–100.) Mr. Puckett testified that the area where the incident occurred was within the boundaries of VAFB. (ER 101–103.) Mr. Puckett further testified that at some point, Oceanview Avenue was changed to Oceanview Boulevard. (ER 106.) However, regardless of the change, Mr. Puckett testified that some residences on VAFB were located on Oceanview Boulevard within a cantonment area that he identified on a physical exhibit, and that there were no residences on Oceanview Avenue. (*See* ER 109–112.)

Mr. Johnson was then called as a witness and his declaration was submitted in lieu of direct examination. (ER 123–24.) On re-direct, Mr. Johnson testified that the location where the incident occurred on Oceanview was part of the original grant deed from Rancho Jesus Maria to the United States, and that as a result, the United States has partial legislative jurisdiction in that area.[4] (ER 137–38.) After Mr. Johnson's

---

[4] The parties do not dispute that partial legislative jurisdiction is sufficient basis for jurisdiction.

testimony, Magistrate Judge LaMothe took judicial notice that the location where the charged offense occurred was within the special territorial jurisdiction of the United States. (ER 143.) Magistrate Judge LaMothe also issued a written order regarding her decision to take judicial notice. (ER 364–71.)

At this point, notwithstanding the testimony of Ms. Alva, the Government had met its burden of proof that the charged offense occurred within the special maritime and territorial jurisdiction of the United States. Ms. Alva's testimony does not change this fact. Ms. Alva testified that the offense occurred on VAFB. (ER 146.) She believed that the offense occurred on Oceanview Avenue, but she did not personally live at that residence. (ER 146.) In reviewing all of the evidence, Ms. Alva's testimony that she believed the offense occurred on Oceanview Avenue even though she did not actually live at the residence is insufficient to cast doubt on the finding that the offense occurred within the special maritime and territorial jurisdiction of the United States. The Government did not have to prove its case beyond all possible doubt. *See* Ninth Circuit Manual of Model Criminal Jury Instructions § 3.5 (2010) (updated 2019). The Government called two experts, both of whom conclusively established that the offense occurred at a residence on VAFB, that all residences on VAFB were located in a specific area, and that the United States had jurisdiction in that specific area.

## VI. CONCLUSION

Accordingly, the Magistrate Judge's conviction and sentence are **AFFIRMED**.

**IT IS SO ORDERED.**

May 13, 2019

                                                 **OTIS D. WRIGHT, II**
                                     **UNITED STATES DISTRICT JUDGE**